# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM N. GERHARTZ,

            Plaintiff,

     -vs-                                          Case No. 12-CV-731

DAVID RICHERT,
and BILL TYSON,

            Defendants.

## DECISION AND ORDER

Western District Judge Barbara B. Crabb screened the plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and permitted him to proceed on a claim that the defendants violated his rights under the Fourth and Fourteenth Amendment by drawing his blood without probable cause or consent. Western District Magistrate Judge Stephen L. Crocker then determined that the events giving rise to the plaintiff's claims occurred in Calumet County, and the case was transferred to this district from the Western District of Wisconsin pursuant to the defendants' motion for a change of venue pursuant to 28 U.S.C. § 1406(a). Now before the court are several motions by the plaintiff, all of which are discussed below.

**Plaintiff's Motion for Hearing (Docket # 37)**

On December 26, 2012, the plaintiff filed a motion seeking to be heard on his claim that the defendants conspired to have a sample of his blood drawn without his consent.

The plaintiff alleges that the defendants committed a "conspiracy crime," and he wants a hearing on this issue. (Docket # 37 at 2). The plaintiff was permitted to proceed on his claim that the defendants violated his rights under the Fourth and Fourteenth Amendment by drawing his blood without probable cause or consent; he was not permitted to proceed on a separate claim that the defendants conspired against him. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("[C]onspiracy is not an independent basis of liability in § 1983 actions."). Nor does this court have the authority to initiate criminal prosecutions. *See* Rule 7(c)(1), Federal Rules of Criminal Procedure ("[t]he indictment or information . . . must be signed by an attorney for the government."). Accordingly, this motion for a hearing regarding the alleged conspiracy will be denied.

**Plaintiff's Motion to Appoint Counsel (Docket # 46)**

The plaintiff asks this court to appoint an attorney "for all these criminal matters that had developed." (Docket # 46 at 1). It is unclear whether the plaintiff seeks an attorney to represent him regarding criminal issues, or to prosecute the defendants for crimes he believes they have committed. In any event, this remains a civil case, and the plaintiff has not demonstrated that appointment of counsel is required at this point in the proceedings.

**Plaintiff's Motions to Dismiss Deposition (Docket # 47 and # 48)**

The plaintiff states that defense counsel has notified him that she intends to depose him on February, 11, 2013. The plaintiff objects to the deposition on the grounds that the discovery deadline in this case has passed, and on the grounds that he is incarcerated and

defense counsel has not obtained leave from the court to depose him. The plaintiff's motions to "dismiss" the deposition will be denied for failure to certify that he attempted to confer and resolve the dispute without court action, as required by Federal Rule of Civil Procedure 269(c)(1).

Nonetheless, the court notes that the scheduling order in this case authorized the defendants to "depose the plaintiff and any other witness confined in a prison" after providing proper notice. (Court's Scheduling Order, Docket # 30 at 2). That order also required that all discovery be completed no later than October 19, 2012. The permission granted to depose prisoners in this action expired once the discovery deadline had passed. The defendants have not requested an extension of time to complete discovery. If the defendants wish to depose the plaintiff or any other persons confined in prison, or to conduct any further discovery, they must seek leave from the court in order to do so.

The plaintiff also correctly observes that the defendants' motion for summary judgment was not timely filed. The defendants will be required to file, along with their reply brief regarding summary judgment, an affidavit explaining why their motion for summary judgment was not filed prior to the dispositive motion deadline.

**Plaintiff's Motion to Amend All Motions as Evidence (Docket # 49)**

The plaintiff filed a motion asking that all filings in this case be considered as evidence. This motion will be denied. All filings in this action have already been docketed and will be considered appropriately in ruling on the defendants' motion for summary

3

judgment.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for hearing (Docket # 37) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket # 46) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions to dismiss deposition (Docket # 47 and # 48) are **DENIED**. However, the defendants may not depose the plaintiff without obtaining leave from the court.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend evidence (Docket # 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants shall review the discovery order issued on July 20, 2012 (Docket # 30), and shall file, along with their reply brief regarding summary judgment, an affidavit explaining why their motion for summary judgment was not filed prior to the dispositive motion deadline.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2013.

**SO ORDERED,**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**